

# THE ATTORNEY GENERAL

# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

July 26, 1972

Honorable Robert S. Calvert          Opinion No. M-1181
Comptroller of Public Accounts
State Finance Building               Re: Eligibility of former State
Austin, Texas   78711                     employee for Texas Ranger
                                          Pension.

Dear Mr. Calvert:

        You have requested our opinion on the eligibility
of a former State employee to receive a Texas Ranger Pension
provided by the provisions of Section 66 of Article XVI of the
Constitution of Texas and Article 6228e, Vernon's Civil Statutes,
under the facts submitted.

        The file enclosed with your request reveals the follow-
ing facts concerning the applicant.  The applicant was employed
as a regular Texas Ranger from July 1, 1919, to August 31, 1921.
The applicant was employed as a State employee by the Texas
Employment Commission from March 20, 1951, through August 23,
1952.  Following his employment by the Texas Employment Commission,
the applicant withdrew from the Employees Retirement System of
Texas and was refunded the total amount standing to his credit in
the Employees Retirement System of Texas.  You have determined
that under these facts the applicant is not eligible for a Texas
Ranger Pension by reason of the provisions of Section 66 of Article
XVI of the Constitution of Texas and Article 6228e, Vernon's Civil
Statutes.  We agree with your conclusions.

        At the election in November, 1958, Section 66 of Article
XVI of the Constitution of Texas was adopted and provides in part:

        "The Legislature shall have authority to pro-
    vide for a system of retirement and disability
    pensions for retiring Texas Rangers who have not
    been eligible at any time for membership in the
    Employees Retirement System of Texas as that re-
    tirement system was established by Chapter 352,
    Acts of the Fiftieth Legislature, Regular Session,
    1947, and who have had as much as two (2) years
    service as a Texas Ranger, and to their widows;
    providing that no pension shall exceed Eighty

-5766-

Dollars ($80) per month to any such Texas Ranger
or his widow, provided that such widow was legally
married prior to January 1, 1957, to a Texas
Ranger qualifying for such pension."   (Emphasis
added.)

Article 6228e, Vernon's Civil Statutes, likewise pro-
vides in part:

"Section 1.   (a) Pensions to Former Texas
Rangers.  A pension of Eighty Dollars ($80.00)
per month shall be paid to each former Texas
Ranger who meets the following conditions:

".  .  .

"(2) He has not been eligible at any time
for membership in the Employees Retirement System
of Texas;"

Under the facts submitted the applicant was not only
eligible for membership in the Employees Retirement System of Texas,
but was a member of the Employees Retirement System of Texas from
March 20, 1951, through August 23, 1952.

Since the provisions of Section 66 of Article XVI of
the Constitution of Texas and the enabling act (Article 6228e,
Vernon's Civil Statutes) limit the payment of such pension to
those retiring Texas Rangers who have not been eligible "at any
time" for membership in the Employees Retirement System of Texas,
you are advised that the file attached to your request reveals
that the applicant in question is not eligible to receive a Texas
Ranger Pension.

### S U M M A R Y

A former State employee who was eligible to be
a member of the Employees Retirement System of Texas
is not eligible to receive a Texas Ranger Pension
under the provisions of Section 66 of Article XVI
of the Constitution of Texas and Article 6228e,
Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

-5767-

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Bob Davis
James Maxwell
Charles Lind
Roland Allen

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant